JODI LINKER
Federal Public Defender
Northern District of California
ELISSE LAROUCHE
Assistant Federal Public Defender
13th Floor Federal Building - Suite 1350N
1301 Clay Street
Oakland, CA 94612
Telephone:   (510) 637-3500
Facsimile:   (510) 637-3507
Email:       Elisse_Larouche@fd.org

Counsel for Defendant Valladares-Galvez

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>YOEL VALLADARES-GALVEZ,<br><br>Defendant. | Case No.: CR 24–71230 MAG[KAW]<br><br>**BRIEFING REGARDING REQUEST FOR RULE 40 PROCEEDING**<br><br>Court:          3rd Floor<br>Hearing Date:  August 28, 2024<br>Hearing Time:  10:30 a.m. |

    Mr. Yoel Valladares-Galvez was arrested in the Northern District of California and had his initial appearance before United States Magistrate Judge Westmore on August 19, 2024. Mr. Valladares-Galvez is before the Court for an alleged violation of his pretrial release conditions stemming from his criminal case in the District of Oregon, 1:24-cr-00085. On August 22, 2024, at his second appearance before the Court, defense counsel requested a bail hearing. Magistrate Judge Westmore indicated she did not believe this Court – in the arresting district – could consider bail or release conditions given that the judge in the District of Oregon – the district in which the pretrial violation arrest warrant issued – had reviewed bail in the first instance and the specifics of the case. The Court indicated its belief that the judge in the District of Oregon was the arbiter of any bail or

BRIEFING REGARDING RIGHT TO A BAIL HEARING ON RULE 5 PRETRIAL RELEASE VIOLATION
*VALLADARES-GALVEZ*, CR 24–71230 MAG[KAW]

1

release issues. The government stated it was not sure whether the defense was entitled to a bail hearing under the circumstances. The defense requested time to research the matter and now submits this briefing.

Federal Rule of Criminal Procedure 40, Arrest for Failing to Appear in Another District or for Violating Conditions of Release Set in Another District, in pertinent part, states:

> **(a) In General.** A person must be taken without unnecessary delay before a magistrate judge in the district of arrest if the person has been arrested under a warrant issued in another district for:
> **(i)** failing to appear as required by the terms of that person's release under 18 U.S.C. §§ 3141-3156 or by a subpoena; or
> **(ii)** violating conditions of release set in another district.
> **(b) Proceedings.** The judge must proceed under Rule 5(c)(3) as applicable.
> *(c) Release or Detention Order. The judge may modify any previous release or detention order issued in another district, but must state in writing the reasons for doing so.*

Fed. R. Crim. P. 40 (emphasis added).

Rule 40, provision (c), specifically provides that a judge may modify the conditions of release ordered in another district in the context presented here in Mr. Valladares-Galvez's case. Rule 40 was amended in 2006 to "fill a perceived gap in the rule that a magistrate judge *in the district of arrest* lacks authority to set release conditions for a person arrested only for violation of conditions of release. *Id*. Advisory Committee Notes (emphasis added) (citing *United States v. Zhu*, 215 F.R.D. 21, 26 (D. Mass. 2003)). Accordingly, Rule 40 squarely addresses the present issue and makes clear that here, this Court in the Northern District of California – the district of arrest – has the authority to set release conditions for an individual arrested for a violation of conditions of release arising from another district, here, the District of Oregon. Rule 40's explicit terms allow the judge in the arresting district to address release conditions prior to the defendant returning to the district that issued the arrest warrant and addressing the merits of the alleged violation.

Federal Magistrate Judge Stewart in the Northern District of New York found that "Rule 40 applies specifically to a situation where a defendant is arrested for an alleged violation of conditions of release where the arrest occurs in a district other than the district that set the conditions." *United States v. Fellows*, 2021 WL 3025741, at *2 (N.D.N.Y. June 23, 2021). Judge Stewart, citing the Advisory Committee note, stated that Rule 40 was specifically amended to clarify that a magistrate

judge in an arresting district was authorized to hold a detention hearing and set conditions of release, if appropriate. *Id*. at *3. Judge Stewart concluded, "In light of the foregoing [Rule 40 and the Advisory Committee note], there is very little question that this Court is authorized to hold a detention hearing." *Id*. Disagreeing with the government, Judge Stewart held it was not discretionary as to whether a bail hearing must be held. *Id*. He stated:

> The statute itself contemplates this Court having to make a decision regarding detention or release, and it would be anomalous to basic principles of due process to not allow the Defendant and his counsel the opportunity of notice and the right to be heard on that important issue. The Court cannot make an informed decision without that hearing. Of course, the hearing itself can be relatively informal . . . but this Court cannot simply refuse to hold a hearing.

*Id*. Other courts have followed suit and held that a detention hearing or Rule 40 bail review should be held pursuant to Rule 40(c). *See United States v. Garraway*, 2022 WL 14752697, at *1 (S.D. Tex. Oct. 25, 2022) (Magistrate Judge in the Southern District of Texas holding a detention hearing regarding the government's motion to modify the conditions of the defendant's release on bond until his revocation hearing in the Western District of Texas); *United States v. Martin*, 2022 WL 4370447, at *5 (N.D. Tex. Sept. 21, 2022) (citing and agreeing with the reasoning in *Fellows*); *United States v. Thomas*, 2023 WL 2523502, at *1 (E.D. Mich. Mar. 14, 2023) (citing and agreeing with *Fellows* and *Garraway* and stating a defendant has a Rule 40(c) right to a detention hearing in the arresting district); *United States v. Turner*, 2023 WL 2401581, at *2 (W.D.N.C. Mar. 8, 2023) (citing *Fellows* in considering modification of the defendant's conditions of release).

In sum, Rule 40 and case law since its 2006 amendment make clear that this Court – in the arresting district – can hold a Rule 40 bail review hearing to determine whether Mr. Valladares-Galvez should be detained before he appears in the District of Oregon to adjudicate the revocation of his pretrial release.

Dated: August 27, 2024

Respectfully submitted,

JODI LINKER
Federal Public Defender
Northern District of California

_____/S_____
ELISSE LAROUCHE
Assistant Federal Public Defender